1

2

3                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

4   LETICIA BADILLO,                  )
5                                     )   No. CV-11-3082-CI
            Plaintiff,                )
6                                     )   ORDER DENYING PLAINTIFF'S
    v.                                )   MOTION FOR SUMMARY JUDGMENT
7                                     )   AND GRANTING DEFENDANT'S
    CAROLYN W. COLVIN, Acting         )   MOTION FOR SUMMARY JUDGMENT
8   Commissioner of Social            )
    Security,[1]                      )
9                                     )
            Defendant.                )
10  ─────────────────────────────────

11       BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF

12  No. 17, 19.)  Attorney D. James Tree represents Leticia Badillo

13  (Plaintiff); Special Assistant United States Attorney Robert L. Van

14  Saghi represents the Commissioner of Social Security (Defendant).

15  The parties have consented to proceed before a magistrate judge.

16  (ECF No. 8.)  After reviewing the administrative record and briefs

17  filed by the parties, the court **DENIES** Plaintiff's Motion for

18  Summary Judgment, and directs entry of judgment for Defendant.

19                             **JURISDICTION**

20       Plaintiff protectively filed for Title II disability insurance

21  benefits (DIB) on September 26, 2006.   Tr. 163.   She alleged

22  disability due to problems with heart illness, fatigue, medication

23  ─────────────────────────

24       [1] Carolyn W. Colvin became Acting Commissioner of Social

25  Security on February 14, 2013.  Under FED. R. CIV..P. 25 (d), Carolyn

26  W. Colvin is substituted for Michael J. Astrue as the Defendant.  No

27  further action need be taken to continue this suit.  42 U.S.C. §

28  405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

side effects, thyroid disorder and numbness in her left arm with an amended onset date of February 1, 2006.  Tr. 63, 168, 189.  Her claim was denied initially and on reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on August 24, 2010, before ALJ James W. Sherry.  Tr. 52-91. Plaintiff, who was represented by an attorney, testified with the assistance of an interpreter.  Vocational expert Scott A. Whitmer (VE) also testified.  Tr. 30.  The ALJ denied benefits on December 30, 2010, and the Appeals Council denied review.  (Tr. 30-38, 1-9.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin*. 169 F.3d 595, 599 (9th Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

> It is the role of the trier of fact, not this court, to resolve

conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a).  "This requires the presentation of 'complete and detailed objective medical reports of his condition from licensed medical processionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999)(citation omitted).

1    If a claimant cannot do his past relevant work, the ALJ

2  proceeds to step five, and the burden shifts to the Commissioner to

3  show that (1) the claimant can make an adjustment to other work; and

4  (2) specific jobs exist in the national economy which claimant can

5  perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v.*

6  *Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

7                    **STATEMENT OF THE CASE**

8      The facts of the case are set forth in detail in the transcript

9  of proceedings and are briefly summarized here.  Plaintiff, who

10  testified through an interpreter, was 36 years old at the time of

11  the hearing, married with three dependent children, and lived in a

12  house with her spouse and children.  Tr. 61-62.  Plaintiff testified

13  she spoke very little English; she had a ninth grade education in

14  Mexico and could read and write in Spanish.  Plaintiff reported past

15  work experience as a fruit packer and sorter between 1997 and 2005.

16  Tr. 190.  She testified she could no longer work due to chest pain,

17  fatigue, and left arm numbness.  Tr. 65.  She also stated she had

18  emotional problems due to her fear of having a heart attack.  Tr.

19  68.

20                    **ADMINISTRATIVE DECISION**

21      The ALJ first found Plaintiff met the DIB insured status

22  requirements through December 31, 2010.  Tr. 32.  At step one of the

23  sequential evaluation, he found Plaintiff had not engaged in

24  substantial gainful activity since July 1, 2006, the amended onset

25  date.  *Id*.  At step two, he found Plaintiff had severe impairments

26  of "chest pain syndrome; history of pericarditis; and gastritis/acid

27  dyspepsia."  *Id*.  Considering the four broad functional areas for

28

evaluating mental disorders, the ALJ found mental impairments of depression and/or anxiety, alone or in combination, did not cause more than minimal limitations in her ability to work.  Tr. 33.  At step three, the ALJ concluded Plaintiff's impairments or combination of impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings).  Tr. 34.

At step four, the ALJ considered Plaintiff's symptoms and determined Plaintiff had the physical residual functional capacity (RFC) to perform the full range of light work and retained the mental capacity to perform "simple, routine and repetitive tasks in a low stress job with occasional decision making and occasional changes in a work setting."  Tr. 34.

The ALJ made detailed findings regarding Plaintiff's alleged limitations and concluded her subjective complaints were not fully persuasive.  Tr. 35-36.  Based on the RFC assessed and the VE's testimony, the ALJ concluded Plaintiff could still perform her past relevant work as a fruit packer as actually and generally performed. Tr. 36-37.  Proceeding to step five, the ALJ specifically noted Plaintiff's inability to communicate effectively in English and considered her as "an individual who is illiterate in English."[2]  Tr. 37.  Based on the RFC determination and VE testimony that the number of other jobs she could perform would be reduced by 50 to 90 percent

---

[2] The Medical-Vocational Guidelines (Grids) explain that illiteracy or the inability to communicate in English has the least significance in "unskilled work," where the bulk of the work relates to "things rather than data or people."  20 C.F.R. Subpt. P., App. 2, § 201.00(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

due to the language barrier, he found there were other jobs in significant numbers Plaintiff could perform.  Those sedentary to light level jobs were identified as housekeeper, cashier, parking lot attendant, and dry cleaner, spotter. Tr. 37.  The ALJ concluded Plaintiff had not been disabled since the amended onset date through the date of her decision and, thus, was ineligible for DIB benefits. Tr. 38.

                                    **ISSUES**

     The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff identifies the following errors: 1) improper rejection of the Plaintiff's treating medical providers; (2) exclusion of depression as a "severe impairment" at step two; (3) improper rejection of Plaintiff's subjective complaints; (4) failure to fully develop the record; and (5) reliance on vocational expert testimony that had no evidentiary value.  ECF No. 18 at 7-19.  Plaintiff also asks the court to order compliance with a Freedom of Information Act (FOIA) request.  ECF No. 18 at 19.  Defendant argues the ALJ's findings are supported by substantial evidence in the entire record and his decision is free of legal error.  ECF No. 20.

                                  **DISCUSSION**

**A.  Credibility**

     When the ALJ finds a claimant's statements as to the severity of impairments, pain, and limitations are not credible, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959

(9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).   If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).   The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

First, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment or combination of impairments "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).   Thus, medical evidence is a relevant factor to consider in assessing credibility. *Social Security Ruling* (*SSR*) 96-7p.   Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant.

As ruled by the Ninth Circuit,

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce some pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).   In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in her allegations of limitations or between her statements and

conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597 n.5. The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The credibility assessment is the province of the ALJ and "the court may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *Fair*, 885 F.2d at 604.

Here, the ALJ summarized Plaintiff's testimony and relevant medical evidence. Tr. 35-36. He found her testimony regarding mental impairments and physical restrictions were not consistent with the record or entirely credible. For example, he noted that although she testified a worsening physical condition, the medical evidence reflected improvement over the last two years. Tr. 35. Specifically, he noted a July 2009 examination at which her treating physician noted no exertional chest pain, pressure or abnormal shortness of breath. The physician also reported that her pericardial effusion had resolved. Tr. 485.

After discussing medical evidence that is inconsistent with the level of severity claimed by Plaintiff, the ALJ gave other legally sufficient reasons for partially discounting her subjective symptoms. For example, he found the examining psychologist noted objective evidence of symptom embellishment; her physician reported her efforts to provide a written opinion that she could not work, which he refused to provide; no treating physician opined her

condition precluded work; the record included significant gaps in treatment; and she did not present to her treating physicians as "totally disabled." Tr. 36. While Plaintiff is correct that her request to complete disability paperwork is frequently made, the treating physician's refusal to do so reflects adversely on the severity of Plaintiff's medical condition. In sum, the ALJ provided sufficient specific, "clear and convincing" reasons for finding Plaintiff's subjective complaints partially credible. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165, 1166 (9th Cir. 2001).

Plaintiff's reliance on *Regenniter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294 (9th Cir. 1999), in her credibility argument is misplaced. In *Regenniter*, the claimant had an 8 x 12 x 20 beam fall on his head while working at a construction site and then suffered an accidental gunshot to his leg two years later. *Id.* at 1296. His medically determinable impairments of depression, post-traumatic stress disorder, headaches and panic attacks were established by medical evidence consistent with his complaints. Id. at 1206. The ALJ discounted Regenniter's complaints for not seeking medical treatment even though it was established that he had received regular treatment until his insurance ran out, he had no income for many years, and had incurred thousands of dollars of debt. Id. at 1296-97. The court rejected the ALJ's reasoning because Plaintiff gave good reasons for not seeking additional treatment, *i.e.*, he could not afford further treatment. *Id.* Here, Plaintiff has failed to assert any reason for not pursuing counseling recommended by her provider. Further, the record does

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

not indicate that Plaintiff's depression had a significant impact on her ability to maintain her household, engage in daily activities or attend to her personal care. She was also capable of seeking medication for depressive symptoms throughout the record. The ALJ's finding that Plaintiff's failure to seek additional mental health care erodes her allegations of severe depression is a clear and convincing reason to discount allegations of disabling depression.

Plaintiff asserts the ALJ's reliance on the opinions of examining psychologist Jay Toews, Ed.D., that Plaintiff may be exaggerating or embellishing symptoms is error. ECF No. 18 at 15. In support of her argument she references independent research on malingering testing that she interprets as contradicting Dr. Toews' interpretation of psychological testing administered to assess credibility of self-reported symptoms. ECF No. 18 at 15; Tr. 20–22. However, the inconclusive research provided does not impugn Dr. Toews' opinions that Plaintiff's scores reflect "a tendency to embellish or exaggerate" symptoms. Tr. 492. Dr. Toews did not find affirmative evidence of malingering, as argued by Plaintiff. Tr. 491, 492.

As discussed above, without affirmative evidence of malingering, the ALJ is required to give clear and convincing reasons for discounting Plaintiff's allegations. His reasoning meets this standard. The fact that some of the ALJ's reasons are not permissible or supported by the record is not fatal where, as here, others are legally sufficient. *Batson v. Comm. of Social Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(erroneous reason to reject credibility did not affect ALJ's decision where remaining

1    reasons and ultimate credibility determination were adequately
2    supported by substantial evidence).

3    **B.   Medical Opinions**

4        Plaintiff claims the ALJ erred in evaluating medical evidence
5    from her treating cardiologist, Anatole S. Kim, M.D.; emergency room
6    physician Douglas Coon, M.D.; and examining psychologist, Dr. Toews.
7    ECF No. 18 at 11.

8        **1.   Dr. Toews**

9        As noted by Plaintiff, Dr. Toews' Mental RFC Assessment form
10   notes five moderate limitations in Plaintiff's mental functioning.
11   Tr. 498-99.   Her argument that "none of these limitations were
12   included in the ALJ's RFC finding" is without merit.   The record
13   shows that after summarizing Plaintiff's clinical interview and
14   objective test results, Dr. Toews concluded Plaintiff had excellent
15   memory and retention ability, and she could perform "a variety of
16   routine and repetitive types of work activity without difficulty."
17   Tr. 489-92.   The ALJ specifically referenced Dr. Toews' narrative
18   opinion that Plaintiff exhibited some difficulty in functioning due
19   to mental health symptoms and properly relied on his narrative
20   opinion that she could perform work.   Tr. 35.   *Crane v. Shalala*, 76
21   F.3d 251, 253 (9th Cir. 1996).   Further, considering the ALJ's
22   specific credibility findings, the final RFC determination
23   sufficiently addresses moderate functional limitations identified,
24   20 C.F.R. §§ 404.1527(e), 416.927(e) (no special significance is
25   given to a medical source opinion regarding final RFC
26   determination); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.
27   1989) (reviewing court can draw legitimate inferences relevant to
28

the medical source's opinion from the adjudicator's decision).  For example, to accommodate limitations in concentration, social interaction, and adaptation identified by Dr. Toews and supported by the evidence, the ALJ reasonably restricted Plaintiff to low stress unskilled work, occasional decision making, and occasional changes in the work setting.  Tr. 34-36.  Plaintiff's contention that Dr. Toews' opinions were not incorporated in the RFC determination fails.

### 2.  Dr. Coon

Plaintiff contends the ALJ disregarded Dr. Coon's opinion, asserting that he "diagnosed her with anxiety."  ECF No. 18 at 10. However, the record shows Dr. Coon saw Plaintiff once during an emergency room visit when Plaintiff was experiencing chest pain.  He did not make a formal diagnosis of "anxiety."  Tr. 320-321.  Rather, he reported a clinical impression of "acute anxiety and atypical chest pain" based on his observations at admission.  Tr. 320.  Chart notes indicate Plaintiff exhibited no distress when the chest pain was relieved and Plaintiff was "smiling and walking without difficulty" upon discharge.  Tr. 324.  Emergency room records document that Ativan was administered at the time to relieve symptoms, but it was not prescribed for ongoing treatment.[3]  No prescriptions were ordered.  Tr. 320.  Dr. Coon's one time "discharge diagnosis" of acute anxiety accompanying atypical chest pain during emergency room treatment does not rise to the level of medical evidence to establish a medically determinable mental

---

[3] The record shows Plaintiff's prescriptions at the time of the hearing were for thyroid, cholesterol, and sleep problems.  Tr. 487.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

impairment. *See* 20 C.F.R. § 404.1508 (mental impairment must be shown by acceptable diagnostic techniques and last or be expected to last 12 months). The ALJ was not required to reject Dr. Coon's reference to anxiety symptoms during urgent care, as it is not significantly probative to support a finding that anxiety is a medically determinable mental impairment. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (1984).

### 3.  Dr. Kim

Plaintiff's argument that the ALJ erred by disregarding Dr. Kim's observation she "appeared clinically depressed" is also without merit. ECF No. 18 at 10; Tr. 448. Dr. Kim is a heart specialist to whom Plaintiff was referred by Plaintiff's treating physician, Dr. Forster, in 2006. *See* Tr. 257. Dr. Kim diagnosed and treated Plaintiff for pericardial effusion until it was resolved in February 2008. Tr. 446-48. In April 2008, during a follow-up visit, Plaintiff complained of headaches and insomnia due to chest pain. She also expressed anxiety over her sister's recent injury that resulted initially in a coma and then confined the sister to a wheelchair. Tr. 447. During Dr. Kim's examination, Plaintiff reported she did not go back to work because her family decided she was too ill; she also reported she was babysitting a friend's two and a half year old, three to four times a week, and another child for a couple hours after school. Tr. 448.

In his clinic note, Dr. Kim reported he could find no cardiac etiology for Plaintiff's chest pain. Tr. 448-49. This opinion was credited by the ALJ and supports the finding that Plaintiff's pericarditis was resolved. Tr. 32. Dr. Kim also noted he did not

1  have a longitudinal relationship with Plaintiff, but his impression
2  was that she was "clinically depressed."  Tr. 448.  He deferred
3  further work-up for non-cardiac etiology to Dr. Forster.  *Id*.

4       Dr. Kim's conclusory impression regarding Plaintiff's mental
5  health does not rise to the level of a medically acceptable opinion.
6  *SSR 96-2p* (only well-supported opinions based on sound medical
7  techniques can establish the existence of an impairment); *see Young*
8  *v. Heckler,* 803 F.2d 963, 968 (9th Cir. 1986) (brief, conclusory,
9  unsupported treating physician opinion disregarded).  Dr. Kim is not
10  a mental health specialist, and the medical record confirms he did
11  not have a long treating relationship with Plaintiff.   His
12  interpretation of Plaintiff's mental state based on her presentation
13  during one visit is not probative to the disability determination.
14  Reversal is not warranted due to the ALJ's disregard of Dr. Kim's
15  conclusory impression regarding Plaintiff's mental health.  *Vincent,*
16  739 F.2d at 1395 (only significant probative evidence must be
17  discussed and rejected by ALJ).

18  **C.   Step Two: Severe Mental Impairment**

19       Plaintiff argues the ALJ erred at step two when he concluded
20  Plaintiff's depression is "non severe."  The fact that a medically
21  determinable condition exists does not automatically mean the
22  symptoms are "severe," or "disabling," as defined by the Social
23  Security regulations.  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*
24  *v. Bowen*, 885 F.2d 597, 603 (9th cir. 1989); *Key v. Heckler*, 754 F.2d
25  1545, 1549-50 (9th cir. 1985).  To establish severity, the evidence
26  must show the diagnosed condition significantly limits a claimant's
27  physical or mental ability to do basic work activities.  20 C.F.R.

28

§ 416.920(c).

Here, the ALJ identified depression and/or anxiety as mental disorders and properly evaluated the evidence as required by 20 C.F.R. § 404.1520a. Specifically, he considered the major function areas to determine severity at step two (activities of daily living, social functioning, concentration, persistence or pace; and episodes of decompensation). Tr. 33. In support of his step two findings, the ALJ found Plaintiff did not indicate depression as an impairment in her application for benefits or report symptoms of anxiety or depression at her consultative psychological evaluation in October 2010. The ALJ also found no evidence of significant limitations caused by mental problems in Plaintiff's self-reported daily activities, *i.e.*, cleaning, shopping, cooking managing her household or caring for herself. For example, the record includes self-reported ability to get along well with others and handle changes without a problem. *Id.*, Tr. 176, 180. Regarding limitations in concentration, persistence or pace, the ALJ's step two finding that medical evidence does not establish a significant mental limitation is supported by the record. As discussed above, Dr. Toews did not find evidence to establish a diagnosis of depression; and one-time observations by Dr. Coon (emergency room physician) and Dr. Kim (treating cardiologist) are insufficient to establish severity. 20 C.F.R. § 404.1508 (claimant must provide medical evidence consisting of signs, symptoms, and laboratory findings required to establish step two severity).

Independent review reveals other substantial evidence to support the ALJ's finding of non-severity. *See Warre v. Commissioner of*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1  *Social Sec. Admin.*, 439 F.3d 1001, n.3 (9th 2006) (additional support

2  for ALJ's position may be noted by reviewing court).   For example,

3  no evidence of treatment is presented, and as found by the ALJ,

4  Plaintiff did not report symptoms or limitations caused by a mental

5  condition to the examining psychologist.   At the hearing, through

6  an interpreter and in response to her representative's questions,

7  Plaintiff reported she cries sometimes when thinking about her

8  physical impairment, and sometimes lacks energy.  Tr. 68.  She also

9  testified left arm pain restricted some activities.  Tr. 65.  These

10  self-reported subjective symptoms, without more, are insufficient to

11  establish step two severity.   20 C.F.R. § 404.1508 (statement of

12  symptoms does not establish an impairment). The ALJ did not err in

13  finding depression non-severe.

14       Even if depression were severe as defined by the Regulations,

15  failure to identify it as such at step two is harmless here because

16  Plaintiff has failed to show she was prejudiced by the alleged error.

17  *Shineski v. Sanders*, 556 U.S. 396, 409-10 (2009)(burden of showing

18  harm from error in administrative proceedings falls on plaintiff);

19  *see also Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050,

20  1056 (9th Cir. 2006)(error harmless where no prejudice shown); *Johnson*

21  *v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (error is harmless

22  if correction would not alter result).

23       It is the sole responsibility of the ALJ to determine the most

24  a claimant can still do despite her physical and/or mental

25  limitations.   20 C.F.R. § 416.945(a)(1); 20 C.F.R. § 416.946(c); *see*

26  *also SSR* 96-5p.   As reflected by the record and the final RFC

27  determination, the ALJ considered self-reported non-exertional

28

symptoms attributed to depression in steps two through five and
addressed mental limitations identified by Dr. Toews in his
narrative report and summary mental RFC assessment.  Tr. 33, 35, 36.
At step four, although he discounted Plaintiff's subjective
complaints, he explicitly gave her the benefit of the doubt regarding
mental limitations alleged and restricted her to simple tasks, a low
stress job with occasional decision-making, and occasional changes
in the work setting to address psychological symptoms reported by
Plaintiff.  Tr. 34, 36.   Plaintiff offers no medical evidence that
these non-exertional restrictions are inadequate to accommodate
mental impairments supported by the record.  *Lewis v. Astrue*, 498
F.3d 909, 911 (9th Cir. 2007).  The ALJ's findings reflect a rational
interpretation of the entire record, including Dr. Toews' narrative
opinion that Plaintiff is capable of routine and repetitive work.
Tr. 492.  Without a showing of prejudice, the claimed alleged step
two error is harmless. *Shineski*, 556 U.S. at 409-10.

**D.   Duty to Develop the Record**

Plaintiff next argues this case should be remanded for a second
consultative examination with a Spanish speaking psychologist.  ECF
No. 18 at 17-18.  This argument is unpersuasive.  As acknowledged by
Plaintiff's representative at the hearing, although a Spanish
speaking examiner may be preferable, the decision as to whether one
is needed is the responsibility of the agency.  Tr. 89-90; 20 C.F.R.
§ 404.1519.  Further, the regulations specifically identify "language
barrier" as a factor considered by the agency in choosing an
examining medical source. *See* 20 C.F.R. § 404.1519j.  There is
nothing in the record to indicate this factor was disregarded by

1  agency  administrators  who  arranged  the  requested  psychological
2  evaluation.

3      Although  Plaintiff  argues  that  a  Spanish  speaking  examiner  is
4  required  in  this  case,  she  cites  to  no  authority  for  this
5  proposition.    She  does  not  reference  evidence  in  the  record  or
6  present  new  evidence  that  supports  her  assertion  more  testing  is
7  required.    Speculation  that  a  Spanish  speaking  psychologist  would
8  have  different  or  more  favorable  opinions  regarding  a  claimant's
9  mental  impairments  is  not  a  sufficient  cause  for  remand.

10  The  record  shows  Dr.  Toews  conducted  a  detailed  interview  with
11  Plaintiff  and  his  recital  of  Plaintiff's  self-reported  symptoms,
12  family  history,  past  work,  activities  of  daily  living,  and  psycho-
13  social  history  is  consistent  with  the  entire  record.    There  is
14  nothing  to  indicate  information  given  or  received  was  lost  in
15  translation.    Significantly,  Dr.  Toews  commented  on  Plaintiff's  low
16  visual  memory  scores  as  being  "due  to  cultural  factors,"  indicating
17  awareness  and  consideration  of  cultural  barriers.    It  is  also  noted
18  on  independent  review  that  Plaintiff  reported  attending  English  as
19  a  Second  Language  (ESL)  classes  in  the  United  States  and  listed
20  reading  books  in  English  as  one  of  her  hobbies.    Tr.  490,  208.
21  Finally,  Plaintiff's  scores  on  objective  testing  were  excellent,
22  results  that  support  Dr.  Toews'  finding  Plaintiff  had  no  difficulty
23  understanding  test  instructions  or  items.    Tr.  490.    Regarding
24  Plaintiff's  symptoms,  consistent  with  her  hearing  testimony,
25  Plaintiff  told  Dr.  Toews  she   felt  "tired  and  weak,"  and  had
26  difficulty  falling  asleep.    Tr.  490.    Objective  test  results  revealed
27  no  memory  problems  (an  indicator  that  she  could  follow  instructions),
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

1 and Dr. Toews observed normal mood and affect, noting she was "quite
2 pleasant and cooperative." *Id.*   Plaintiff provides no evidence of
3 recommended treatment for clinical depression that contradicts Dr.
4 Toews observations and conclusions.   Viewed in its entirety, the
5 record does not support Plaintiff's argument that her consultative
6 examination with Dr. Toews was inadequate to develop the record
7 fully.

8 **E.    Reliance on VE Testimony**

9       Plaintiff argues the ALJ's failure to include left arm pain and
10 limitations assessed by Dr. Toews in hypotheticals posed at steps
11 four and five rendered VE testimony without evidentiary value.   ECF
12 No. 18 at 19-20.   As discussed above, the weight given Dr. Toews'
13 opinions and limitations included in the ALJ's final RFC
14 determination is supported by substantial evidence and without legal
15 error.   Regarding left arm pain, the hearing transcript indicates
16 Plaintiff's representative included "a left arm impairment" in his
17 hypothetical to the VE and speculated that it could limit an
18 individual to "less than occasional" use.   Tr. 84.   However, an ALJ
19 does not have to accept as true the limitations propounded by
20 plaintiff's counsel but unsupported by the record.   *Osenbrock v.*
21 *Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).   As found by the ALJ,
22 there is no medical evidence to establish a left arm impairment or
23 an etiology to left arm restrictions alleged by Plaintiff.   Tr. 35.
24 Plaintiff's statements and her representative's speculation
25 concerning left arm impairment are insufficient to establish a
26 disabling limitation.   20 C.F.R. § 404.1528; *Ukolov. V. Barnhart*, 420
27 F.3d 1002, 1005 (9th Cir. 2005) (claimant's perception of his problems

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

1  do not support a finding of impairment).

2      The ALJ also discussed limitations in Plaintiff's English
3  illiteracy and their effect on her ability to perform past work as
4  an agricultural packer and sorter.  He properly factored Plaintiff's
5  language barrier into his hypothetical questions to the VE, who
6  identified specific jobs that could be performed with a limited
7  ability to speak English.  *See* Tr. 37, 76, 77, 78.  Consistent with
8  the VE's testimony, the ALJ found not only could Plaintiff perform
9  past work, but also she was capable of performing other jobs whose
10 occupational base was reduced by her inability to communicate
11 effectively in English.  The ALJ did not err in relying on VE
12 testimony.

13     The ALJ's interpretation of the medical evidence in the entire
14 record and application of relevant legal standards at steps four and
15 five are reasonable and supported by substantial evidence.

16 **F.   FOIA Request**

17     Plaintiff appears to ask this court to order production of
18 documents she requested under the FOIA.  To seek judicial relief
19 under the FOIA, Plaintiff must comply with the provisions of 5 U.S.C.
20 § 552 (a)(4)(B).  Plaintiff presents neither facts nor legal
21 authority to support a FOIA review in these proceedings.

22                          **CONCLUSION**

23     The ALJ's decision is based on substantial evidence and free of
24 legal error.  The record is fully developed and supports in its
25 entirety the ALJ's denial of benefits.  Accordingly,

26     **IT IS ORDERED:**

27     1.  Plaintiff's Motion for Summary Judgment **(ECF No. 17)**

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 20

1  pursuant to 42 U.S.C. § 405(g) is **DENIED**.  To the extent her Motion

2  includes a claim for injunctive relief under the FOIA, it is **DENIED**.

3     2.   Defendant's Motion for Summary Judgment **(ECF No. 19)** is

4  **GRANTED.**

5     The District Court Executive is directed to file this Order and

6  provide a copy to counsel for Plaintiff and Defendant.  The file

7  shall be closed and judgment entered for Defendant.

8     DATED April 24, 2013.

9

10                    S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21